UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

R. ALEXANDER ACOSTA, SECRETARY OF
LABOR, United States Department of Labor,

        Plaintiff,

v.

CHEMRO LLC d/b/a PEOPLE'S CHOICE &
ROBERT Y. MERCIER II

        Defendants.

CIVIL ACTION:

# COMPLAINT

### I.

Plaintiff brings this action to enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), 15(a)(3) and 15(a)(5), of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, *et seq*.), hereinafter called the "Act," to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2) and 216(c), and to obtain legal and equitable relief to redress violations of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3).

### II.

This Court has jurisdiction over this action pursuant to Section 17 of the Act, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

## THE CORPORATE AND INDIVIDUAL DEFENDANTS

### III.

Defendant CHEMRO LLC d/b/a PEOPLE'S CHOICE, is, and at all times hereinafter mentioned was, a limited liability company having an office and place of business at 179 West Middle Turnpike, Manchester, Connecticut 06040, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere,

1

in the operation of pizza restaurants.  Defendant CHEMRO LLC d/b/a PEOPLE'S CHOICE operates three pizza restaurants in Hartford and Tolland counties, Connecticut, at the following addresses:  179 Middle Turnpike West, Manchester, CT 06040 (the "Manchester Restaurant"); 536 Tolland Street, East Hartford, CT 06108 (the "East Hartford Restaurant"); and 458 Talcottville Road, Vernon, CT 06066 (the "Vernon Restaurant").

**IV.**

Defendant ROBERT Y. MERCIER II resides at 59 John Paul Lane, Coventry, Connecticut 06238, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, owner and President of Defendant CHEMRO LLC d/b/a PEOPLE'S CHOICE and as such actively manages, supervises and directs the day-to-day business affairs and operations of said business.  Defendant ROBERT Y. MERCIER II had final authority over business and personnel decisions at the company's restaurants, including hiring and firing.  He determined the rates and amounts of compensation paid to the company's employees.  He was personally responsible for the non-payment of minimum wages and required overtime compensation to the company's employees.  This included regularly paying employees less than the time and one-half rate for hours in excess of 40 in a workweek.  Defendant ROBERT Y. MERCIER II has acted at all times material herein directly and indirectly in the interest of said business in relation to its employees and was, and is, therefore, an employer of said employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

**DEFENDANTS ARE AN "ENTERPRISE" COVERED BY THE ACT**

**V.**

Defendants CHEMRO LLC d/b/a PEOPLE'S CHOICE and ROBERT Y. MERCIER II are, and at all times herein mentioned were, engaged in related activities performed through unified operation or common control for a common business purpose, and they are, and at all times herein mentioned were, an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r).

**VI.**

At all times herein mentioned, Defendants CHEMRO LLC d/b/a PEOPLE'S CHOICE and ROBERT Y. MERCIER II employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce, and the use of vehicles and supplies that had moved in interstate commerce.  Said enterprise, at all times herein mentioned, has had an annual gross volume of sales made or business done (exclusive of excise taxes at the retail level that are separately stated) of at least $1,000,000 at all relevant times.  Accordingly, Defendants' employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

**DEFENDANTS FAILED TO PAY THE MINIMUM WAGE**

**VII.**

Defendants CHEMRO LLC d/b/a PEOPLE'S CHOICE and ROBERT Y. MERCIER II have violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees' wages at rates less than the applicable minimum wage.  At least one employee at the Vernon Restaurant was not paid the minimum wage of $7.25 for all hours worked.  Defendants deducted wages for cash register shortages that impermissibly reduced the employee's hourly rate below the required minimum wage.

**DEFENDANTS FAILED TO PAY REQUIRED OVERTIME COMPENSATION**

**VIII.**

Defendants CHEMRO LLC d/b/a PEOPLE'S CHOICE and ROBERT Y. MERCIER II have willfully and repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees for workweeks longer than 40 hours without compensating them for their hours in excess of 40 at rates at least equal to one and one-half times their regular rate.  At least three employees did not receive the required overtime rate

for overtime hours worked at the Manchester, East Hartford and Vernon Restaurants.

### IX.

Celso Da Rocha primarily worked at the East Hartford Restaurant and did not receive at least one and one-half times his regular rate for overtime hours worked. Mr. Da Rocha worked overtime hours in more than 35 weeks during the period of February 25, 2015 through November 29, 2015. He averaged approximately 75 hours per overtime workweek. Defendants regularly paid Mr. Da Rocha less than his regular rate for overtime hours worked. Mr. Da Rocha received on average approximately $200 per week for his hours over 40 in a week.

### X.

Waldo Pena worked at the Vernon, East Hartford and Manchester Restaurants and did not receive at least one and one-half times his regular rate for overtime hours worked in at least two weeks in 2015. Mr. Pena worked more than 60 hours in week ending November 22, 2015 and did not receive any overtime wages. He worked more than 45 hours in week ending September 11, 2015 and did not receive at least one and one-half times his regular rate.

### XI.

Joseph Allocco primarily worked at the East Hartford and Manchester Restaurants and did not receive at least one and one-half times his regular rate for overtime hours worked. Mr. Allocco worked overtime hours in more than 120 workweeks during the period of February 26, 2013 through November 29, 2015. He averaged approximately 55 hours per overtime workweek. Mr. Allocco received one and one-half times his regular rate for a small number of overtime hours in 2015. He otherwise did not receive any wages for his overtime hours worked.

**DEFENDANTS FAILED TO MAKE, KEEP AND PRESERVE REQUIRED RECORDS**

### XII.

Defendants CHEMRO LLC d/b/a PEOPLE'S CHOICE and ROBERT Y. MERCIER II have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep and preserve adequate and

accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR Part 516. Defendants' records failed to show adequately and accurately, among other things, the total hours worked by employees each workday and each workweek, the total compensation paid to employees each workweek, and the rates paid to employees for overtime hours each workweek. Defendants failed to make, keep and preserve adequate and accurate time and payroll records for Joseph Allocco and Celso Da Rocha.

## DEFENDANTS KNOWINGLY MADE AND KEPT FALSE RECORDS, AND PROVIDED FALSE RECORDS AND STATEMENTS TO PLAINTIFF'S INVESTIGATOR

### XIII.

Defendants CHEMRO LLC d/b/a PEOPLE'S CHOICE and ROBERT Y. MERCIER II have willfully and repeatedly violated the provisions of Section 15(a)(5) of the Act, 29 U.S.C. § 215(a)(5), by making and keeping false records of employees' hours and wages, and providing false records and statements to Plaintiff's investigator. Defendant ROBERT Y. MERCIER II directed that false timecards be created and maintained for Joseph Allocco on an ongoing, weekly basis during at least the period of February 26, 2013 through November 29, 2015. Defendant ROBERT Y. MERCIER II also directed that false timecards be created and maintained for Celso Rocha on an ongoing, weekly basis during at least the period of February 25, 2015 through November 29, 2015. These timecards recorded only non-overtime hours worked (or minimal overtime hours worked) in overtime workweeks.

### XIV.

Defendant ROBERT Y. MERCIER II paid Joseph Allocco amounts outside of payroll, in cash, on a weekly basis during at least the period of February 26, 2013 through November 29, 2015. Defendant ROBERT Y. MERCIER II also paid Celso Rocha amounts outside of payroll, in cash, on a weekly basis during at least the period of February 25, 2015 through November 29, 2015. These practices had the effect of misrepresenting the total amount of wages reflected in

Defendants' payroll records for these individuals.

## XV.

Defendant ROBERT Y. MERCIER II knowingly provided false records and statements to Plaintiff's investigator concerning Joseph Allocco's hours and wages, and also directed Mr. Allocco to make false statements to Plaintiff's investigator.  In 2015, Plaintiff conducted an investigation of Defendants covering the period of February 26, 2013 through February 24, 2015.  During the investigation, Defendant ROBERT Y. MERCIER II provided timecards to Plaintiff's investigator that Mr. Mercier knew falsely recorded Mr. Allocco's hours as consisting of only non-overtime work (or minimal overtime work).  Also during the investigation, Defendant ROBERT Y. MERCIER II made false verbal statements to Plaintiff's investigator concerning the extent of Mr. Allocco's overtime hours.   Defendant ROBERT Y. MERCIER II also directed Mr. Allocco to falsely state to Plaintiff's investigator that he did not work overtime, among other things.  The purpose of these actions by Defendant ROBERT Y. MERCIER II was to conceal the true extent of unpaid overtime compensation due to Mr. Allocco for his overtime work.

## XVI.

Defendant ROBERT Y. MERCIER II knowingly provided false records and statements to Plaintiff's investigator concerning Celso Da Rocha's hours and wages.  In 2016, Plaintiff conducted an investigation of Defendants covering the period of February 24, 2015 through November 29, 2015.  During the investigation, Defendant ROBERT Y. MERCIER II directed Mr. Da Rocha to sign a back-dated "independent contractor agreement" that misrepresented Mr. Da Rocha's overtime work as that of an independent contractor, among other things.  Defendant ROBERT Y. MERCIER II provided the agreement to Plaintiff's investigator, falsely represented the agreement as authentic, and falsely stated that the information in the agreement was accurate.  The purpose of these actions by Defendant ROBERT Y. MERCIER II was to misrepresent the nature of Mr. Rocha's employment relationship and the amount of unpaid overtime compensation due to Mr. Da Rocha for his overtime work.

## DEFENDANTS KNOWINGLY COMPLETED AND SUBMITTED PAYMENT RECEIPTS WITH FALSE INFORMATION TO PLAINTIFF'S INVESTIGATOR

### XVII.

Defendants CHEMRO LLC d/b/a PEOPLE'S CHOICE and ROBERT Y. MERCIER II have willfully and repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that they made and filed, with Plaintiff's investigator, official payment receipts for wages purported to have been paid to employees in satisfaction of the terms of a settlement agreement between Plaintiff and Defendants, knowing such receipts to be false.

### XVIII.

Defendant ROBERT Y. MERCIER II completed official back wage payment receipts for five employees to whom Defendants had not provided any back wages, and submitted the receipts to Plaintiff's investigator.  Defendants were required to pay back wages to the five employees, among others, pursuant to a settlement agreement with Plaintiff dated April 28, 2015.  The agreement required Defendants to submit the receipts to Plaintiff as evidence that the back wage payments had been made to the affected employees.  Defendant ROBERT Y. MERCIER II submitted the payment receipts to Plaintiff's investigator knowing that the payments reflected on the receipts had not been made, and did so for the purpose of misleading Plaintiff's investigator to believe that Defendants had satisfied their payment obligations under the settlement agreement.

## DEFENDANT ROBERT Y. MERCIER II UNLAWFULLY DISCRIMINATED AGAINST AN EMPLOYEE

### XIX.

Defendant ROBERT Y. MERCIER II has willfully and repeatedly violated the provisions of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), by, at material times, including but not limited to December 2015 through April 2016, unlawfully discriminating against employee Celso Da Rocha by pressuring Mr. Da Rocha to make false statements to Plaintiff's investigator and by constructively discharging Mr. Da Rocha.

**XX.**

On numerous occasions during the approximate period of December 2015 through April 2016, Defendant ROBERT Y. MERCIER II directed Mr. Da Rocha to make false statements about his overtime work to Plaintiff's investigator.  Mr. Da Rocha responded on these occasions by complaining to Defendant ROBERT Y. MERCIER II that he did not want to make such false statements because to do so would be unlawful.  Despite Mr. Da Rocha's complaints, Defendant ROBERT Y. MERCIER II continued to contact Mr. Da Rocha, sometimes daily, for the purpose of instructing him to lie to Plaintiff's investigator.  After a period of weeks, if not months, this continuing pattern caused Mr. Da Rocha to reasonably believe that he had no choice other than to leave his employment with Defendants.  Consequently, Mr. Da Rocha left his employment on or about April 2016.

**RELIEF SOUGHT**

**XXI.**

During the period of February 26, 2013 through November 29, 2015, Defendants willfully and repeatedly violated the aforesaid provisions of the Act as alleged in this Complaint.  A judgment enjoining such violations is expressly authorized by Section 17 of the Act, 29 U.S.C. § 217.

**XXII.**

During the period of February 26, 2013 through November 29, 2015, Defendants willfully and repeatedly violated the provisions of the Act as alleged in this Complaint.  Defendants are liable for unpaid minimum wage and overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

**XXIII.**

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

    (1)    For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently

enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants from prospectively violating the provisions of Sections 6, 7, 11, 15(a)(2), 15(a)(3) and 15(a)(5) of the Act, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), 215(a)(3) and 215(a)(5), and for such other and further relief as may be necessary or appropriate, including ordering payment of compensatory and punitive damages on account of violations of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3); and

(2)     For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid back wages found to Defendants' employees and liquidated damages equal in amount to the unpaid compensation due to Defendants' employees listed on the attached **Exhibit A**.

Respectfully submitted,

Post Office Address:  
U.S. Department of Labor  
Office of the Solicitor  
JFK Federal Building, Room E-375  
Boston, Massachusetts 02203  
TEL: (617) 565-2500  
FAX: (617) 565-2142  
miller.scott.m@dol.gov

Nicholas C. Geale  
Acting Solicitor

Michael D. Felsen  
Regional Solicitor

/s/ Scott Miller  
Senior Trial Attorney: MA666509

U.S. Department of Labor  
Attorneys for Plaintiff

October 12, 2017