UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2017 NOV 16 P 5:25
US DISTRICT COURT
HARTFORD CT

R. ALEXANDER ACOSTA, SECRETARY OF
LABOR, United States Department of Labor,

Plaintiff,

v.

CHEMRO LLC d/b/a PEOPLE'S CHOICE &
ROBERT Y. MERCIER II

Defendants.

CIVIL ACTION: 3:17-cv-1719-AWT

## CONSENT JUDGMENT AND ORDER

Plaintiff, SECRETARY OF LABOR ("Plaintiff"), has filed a Complaint and Defendants CHEMRO LLC d/b/a PEOPLE'S CHOICE and ROBERT Y. MERCIER II (collectively, "Defendants") have received a copy of Plaintiff's Complaint and waived service of process. The Court finds that it has jurisdiction to enter this Consent Judgment and Order (the "Consent Judgment"), and Plaintiff and Defendants agree to its terms.

It is therefore,

### I.

ORDERED, ADJUDGED, and DECREED that Defendant CHEMRO LLC d/b/a PEOPLE'S CHOICE and Defendant ROBERT Y. MERCIER II, and their successors, assigns, agents, servants, employees, and all persons acting in their behalf and interest be, and they hereby are, enjoined and restrained from violating the provisions of the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*), hereinafter referred to as "the Act," in the following manners:

    A.   Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employees who, in any workweek, are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise

      engaged in commerce or in the production of goods for commerce, as defined by the Act, wages at rates less than the applicable minimum wage.

B.    Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed.

C.    Defendants shall not fail to make, keep, and preserve accurate records of employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and the regulations found in 29 C.F.R. Part 516.

D.    Defendants shall not, contrary to Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who provides, or may seek to provide, information to the Department of Labor, or who exercises or asserts his or her rights under the Act or this Consent Judgment.

## II.

Further, Plaintiff and Defendants agree that employees are due compensation in the aggregate amount of $67,151.14, which is inclusive of: (i) $26,575.57 in minimum wage and overtime payments due with respect to the period up to and including November 29, 2015; (ii) $26,575.57 in liquidated damages due with respect to the period up to and including November 29, 2015; and (iii) in connection with the Complaint's allegations of unlawful retaliation and discrimination, $4,000.00 in compensatory damages plus $10,000.00 in punitive damages to Celso Da Rocha; all as shown on Exhibit A, attached hereto, which Exhibit A is incorporated

herein and made a part hereof. Plaintiff and Defendants agree that Defendants shall pay said compensation, plus 1% per annum interest, compounded annually, on any unpaid balance, in accordance with the terms set forth herein. Further, pursuant to Section 16(e) of the Act, 29 U.S.C. § 216(e), Plaintiff and Defendants agree that Plaintiff is due a civil money penalty in the total amount of $1,168.75.

### III.

Therefore, it is ORDERED, ADJUDGED and DECREED that Defendant CHEMRO LLC d/b/a PEOPLE'S CHOICE and Defendant ROBERT Y. MERCIER II, jointly and severally, are restrained from withholding payment of said minimum wage and overtime compensation, and are ordered to pay said liquidated damages, compensatory damages, punitive damages, civil money penalties, and interest.

### IV.

Defendants represent that, to the best of their knowledge and following a diligent review and inquiry, they have been in compliance with the Act since at least November 29, 2015. Plaintiff has relied on the foregoing representation as a material inducement to enter into this Consent Judgment. Accordingly, it is ORDERED, ADJUDGED and DECREED that any action for back wages or liquidated damages which may have arisen after November 29, 2015 shall be unaffected by this Consent Judgment.

### V.

The monetary provisions of this judgment shall be deemed satisfied when Defendants deliver to Plaintiff: (i) $26,575.57 in gross back wages (plus 1% per annum interest, compounded annually, on any unpaid balance), from which deductions for Defendants' employees share of social security and federal withholding taxes will be made by the United States Department of Labor, and with no deduction for the employees' state withholding tax for which the employees shall be responsible; (ii) $26,575.57 in liquidated damages (plus 1% per annum interest, compounded annually, on any unpaid balance), which is not subject to deductions; (iii) $14,000.00 for compensatory and punitive damages (plus 1% per annum

interest, compounded annually, on any unpaid balance), which is not subject to deductions; and (iv) $1,168.75 in civil money penalties (plus 1% per annum interest, compounded annually, on any unpaid balance), which is not subject to deductions. Defendants, jointly and severally, shall further pay the employers' share of FICA to the appropriate authorities for the back wages paid pursuant to this Consent Judgment after presentation of the United States Department of Labor's quarterly summary of employee payments made.

The payments (back wages, liquidated damages, compensatory damages, punitive damages and civil money penalties, plus 1% per annum interest) shall be made in the form of checks in the gross amounts due, made payable to "Wage and Hour Division—Labor" with Case Nos. 1778351, 1779247 and 1779251 written on the face of the checks, as set forth on the installment schedule attached hereto as Exhibit B, which Exhibit B is incorporated herein and made a part hereof.

The first payment will be due on October 15, 2017. The payments will first be allocated to the liquidated damages (plus 1% per annum interest), second to the compensatory and punitive damages (plus 1% per annum interest), thirdly to the back wages (plus 1% per annum interest), and lastly to the civil money penalties (plus 1% per annum interest). Plaintiff shall distribute all back wages and liquidated damages to the employees listed in Exhibit A.

The checks shall be sent by Defendants directly to:

> U.S. Department of Labor
> Wage and Hour Division
> Northeast Region
> The Curtis Center, Suite 850 West
> 170 South Independence Mall West
> Philadelphia, PA 19106-3317
> Attention: Mary Doughty

A copy of said checks shall also be mailed to the following address: U.S. Department of Labor, Wage and Hour Division, Hartford District Office, 135 High Street, Room 210, Hartford, CT 06103-1111.

## VI.

Within 10 days after the entry of this Consent Judgment, Defendants shall deliver to Plaintiff at the address set forth above for the Hartford District Office of the Wage and Hour Division, a statement showing the following: (i) the employers' Federal ID number(s), (ii) the name of each employee listed in Exhibit A, and (iii) each employee's current address and social security number (to the extent known by Defendants).

## VII.

When recovered wages or damages have not been claimed by any employee within three years, because of inability to locate such employee or because of such employee's refusal to accept such sums, Plaintiff shall deposit them into the United States Treasury as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

## VIII.

It is further ORDERED, ADJUDGED and DECREED that Defendants shall not, in any way, demand, accept, or keep any amount paid or payable to any individual owed compensation under this Consent Judgment, or in any manner attempt to recover any amounts paid to any such individual in connection with this Consent Judgment.

## IX.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

It is so ordered.

Signed this 16th day of November 2017, at Hartford, Connecticut.

/s/ Judge Alvin W. Thompson
Alvin W. Thompson
United States District Judge

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FOR DEFENDANTS:**

*[signature]*
Robert Y. Mercier II, an individual

*[signature]*
Chemro LLC
By Robert Y. Mercier II, President

*[signature]*
Robert Fortgang
Counsel for Defendants

Robert Fortgang Associates, LLC
Greystone Court
573 Hopmeadow Street
Simsbury, CT 06070
Phone: 800-932-6457
Fax: 860-658-0565
Email: rob@fortgangemploymentlaw.com

**FOR PLAINTIFF:**

Nicholas C. Geale
Acting Solicitor

Michael D. Felsen
Regional Solicitor

/s/ Scott M. Miller
Senior Trial Attorney: MA666509

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building, Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142
miller.scott.m@dol.gov

## EXHIBIT A

| Employee | Back Wages | Liquidated Damages | Compensatory and Punitive Damages | Total Due |
|---|---|---|---|---|
| Allocco, Joseph | $18,061.29 | $18,061.29 |  | $36,122.58 |
| Haley, Kristyl | $147.25 | $147.25 |  | $294.50 |
| Pena, Waldo | $343.22 | $343.22 |  | $686.44 |
| Rocha, Celso | $8,023.81 | $8,023.81 | $14,000.00 | $30,047.62 |
|  |  |  |  |  |
| Total Due | $26,575.57 | $26,575.57 | $14,000.00 | $67,151.14 |

# EXHIBIT B

Payment Schedule

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| 1 | 10/15/2017 | $ 9,000.00 | $ - | $ 9,000.00 |
| 2 | 11/15/2017 | $ 2,643.23 | $ 48.46 | $ 2,691.69 |
| 3 | 12/15/2017 | $ 2,643.23 | $ 46.26 | $ 2,689.49 |
| 4 | 1/15/2018 | $ 2,643.23 | $ 44.05 | $ 2,687.28 |
| 5 | 2/15/2018 | $ 2,643.23 | $ 41.85 | $ 2,685.08 |
| 6 | 3/15/2018 | $ 2,643.23 | $ 39.65 | $ 2,682.88 |
| 7 | 4/15/2018 | $ 2,643.23 | $ 37.45 | $ 2,680.68 |
| 8 | 5/15/2018 | $ 2,643.23 | $ 35.24 | $ 2,678.47 |
| 9 | 6/15/2018 | $ 2,643.23 | $ 33.04 | $ 2,676.27 |
| 10 | 7/15/2018 | $ 2,643.23 | $ 30.84 | $ 2,674.07 |
| 11 | 8/15/2018 | $ 2,643.23 | $ 28.64 | $ 2,671.87 |
| 12 | 9/15/2018 | $ 2,643.23 | $ 26.43 | $ 2,669.66 |
| 13 | 10/15/2018 | $ 2,643.23 | $ 24.23 | $ 2,667.46 |
| 14 | 11/15/2018 | $ 2,643.23 | $ 22.02 | $ 2,665.25 |
| 15 | 12/15/2018 | $ 2,643.23 | $ 19.82 | $ 2,663.05 |
| 16 | 1/15/2019 | $ 2,643.23 | $ 17.62 | $ 2,660.85 |
| 17 | 2/15/2019 | $ 2,643.23 | $ 15.42 | $ 2,658.65 |
| 18 | 3/15/2019 | $ 2,643.23 | $ 13.22 | $ 2,656.45 |
| 19 | 4/15/2019 | $ 2,643.23 | $ 11.02 | $ 2,654.25 |
| 20 | 5/15/2019 | $ 2,643.23 | $ 8.81 | $ 2,652.04 |
| 21 | 6/15/2019 | $ 2,643.23 | $ 6.60 | $ 2,649.83 |
| 22 | 7/15/2019 | $ 2,643.23 | $ 4.40 | $ 2,647.63 |
| 23 | 8/15/2019 | $ 2,643.31 | $ 2.20 | $ 2,645.51 |
| 24 | 9/15/2019 | $ 1,168.74 | $ 22.41 | $ 1,191.16 |
| TOTALS | | $ 68,319.89 | $ 579.68 | $ 68,899.57 |